**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TOMS KING (OHIO) LLC, *et al.*,[1] | Case No. 23-50001 (AMK)<br>(Joint Administration Requested) |
| Debtors. | Judge Alan M. Koschik |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO (A) PREPARE A CONSOLIDATED LIST OF CREDITORS IN LIEU
OF SUBMITTING A FORMATTED MAILING MATRIX, (B) FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, AND
(C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR
INDIVIDUAL CREDITORS,(II) APPROVING THE FORM AND MANNER OF
NOTIFYING CREDITORS OF COMMENCEMENT OF THESE
CHAPTER 11 CASES, AND (III) GRANTING RELATED RELIEF**

TOMS King (Ohio) LLC and its debtor affiliates, as debtors and debtors in possession

(collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"),

respectfully state the following in support of this motion (the "Motion"):

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"): (i) authorizing the Debtors to (a) prepare a consolidated list of creditors

in lieu of submitting a formatted mailing matrix, (b) file a consolidated list of the Debtors' thirty

largest unsecured creditors, (c) redact certain personally identifiable information for individual

creditors, (ii) approving the form and manner of notifying creditors of commencement of these

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. taxpayer identification number, are: TOMS King (Ohio) LLC (9126); TOMS King LLC (4221); TOMS King (Illinois) LLC (9171); TOMS King (Penn.) LLC (7148); TOMS King (Virginia) LLC (8226); TOMS King (Ohio II) LLC (4081) and TOMS King III LLC (No EIN Number).   The Debtors' corporate headquarters is located at 220 N. Smith Street, Suite 305, Palatine, IL 60067.

Chapter 11 Cases, and (iii) granting related relief.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order No. 2012-07 from the District Court for the Northern District of Ohio, dated April 4, 2012*.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested in this Motion are sections 105(a), 107(b), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 ("the Bankruptcy Code") and rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Bankruptcy Rule 1007, Rules 1007-2 and 9013-1 of the Local Bankruptcy Rules for the Northern District of Ohio (the "Local Rules").

**Background**

5.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate and manage their businesses as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Court has not appointed a trustee and the Office of the United States Trustee for the Northern District of Ohio (the "US Trustee") has not yet formed any official committees in these Chapter 11 Cases.

2

6.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Chapter 11 Cases, are set forth in greater detail in the *Declaration of Daniel F. Dooley in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").

**Basis for Relief**

**I.      Cause Exists to Authorize the Debtors to Submit a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

7.      Bankruptcy Rule 1007(a)(1) and Local Rule 1007-2 requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix. Local Rule 1001-1(d) permits modification of the Local Rules by the Court "to secure the just, speedy, and inexpensive determination of every case, proceeding, and matter coming before this Court." The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "Consolidated List of Creditors"), in electronic format, in lieu of filing a separate creditor matrix for each Debtor, is warranted. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings.[2]

8.      Allowing the Debtors to prepare, but not file, the Consolidated List of Creditors, in the format currently maintained by the Debtors in the ordinary course of their business is in the best interests of the Debtors and of their estates. There are thousands of creditors and parties-in-interest in these Chapter 11 Cases. The Debtors maintain lists of the names and addresses of all such entities on various computer software programs that permit the Debtors, or a third-party service provider on the Debtors' behalf, to provide mailings or notices for each such entity. It

---

[2]   The Debtors submit that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor, will to the extent such records exist, file its own creditor mailing matrix.

3

would be difficult and unduly time-consuming for the Debtors to produce a separate creditor matrix on a non-consolidated basis.

9. Requiring the Debtors to convert their existing computerized information into Debtor-specific creditor matrices for each of the Debtors would be an unnecessarily burdensome task, result in costly duplicate mailings and increase the risk of error as records are transferred. Accordingly, by this Motion, the Debtors seek authority to file the lists on a consolidated basis, identifying their creditors in the format currently maintained in the ordinary course of the Debtors' businesses. The Debtors respectfully submit that the requested relief would reduce the costs and risk associated with preparing and filing separate matrices for each Debtor while furthering the efficient administration of these Chapter 11 Cases.

10. Concurrently with the filing of this motion, the Debtors are seeking to retain Omni Agent Solutions, Inc. as their claims and noticing agent (the "Proposed Claims and Noticing Agent"). If this application is granted, the Proposed Claims and Noticing Agent will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database. The Proposed Claims and Noticing Agent's noticing services will mitigate the need for the Debtors to file a creditor matrix with the Court.

11. The Debtors, working with the Proposed Claims and Noticing Agent, are prepared to make the Consolidated List of Creditors available in electronic form to any party in interest who so requests (or in non-electronic form as such requesting party's sole cost and expense) in lieu of submitting a mailing matrix.

12. Moreover, Courts in this jurisdiction and in other districts have granted similar relief to that requested herein in complex Chapter 11 Cases with respect to the preparation of a

4

consolidated, electronic list of a debtor's creditors. *See, e.g.*, *Energy Future Holdings Corp.*, Case No. 14- 10979 (CSS) (Bankr. D. Del. May 2, 2014) [Docket No. 323]; *In re Forum Health*, Case No. 09- 40795 (KW) (Bankr. N.D. Ohio March 18, 2009) [Docket No. 57]; *In re Panda Gila River, L.P.*, Case No. 05-01143 (CGC) (Bankr. D. Ariz. Jan. 31, 2005) [Docket No. 53].[3]

II. **Cause Exists to Authorize the Debtors to File a Consolidated Top 30 General Unsecured Creditor List in Lieu of Submitting a Separate Top 20 Creditor List for Each Debtor.**

13. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d) (the "<u>Top 20 List</u>"). This Top 20 List is primarily used by the U.S. Trustee to evaluate the types and amounts of unsecured claims against a debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to Bankruptcy Code section 1102.

14. The Debtors request authority to file a single list of their thirty largest general unsecured creditors on a consolidated basis (the "<u>Top 30 List</u>"). Because the Top 20 Lists of the Debtors could overlap, and certain Debtors may have fewer than twenty significant unsecured creditors, the Debtors submit that filing separate Top 20 Lists for each Debtor would be of limited utility. In addition, the exercise of compiling separate Top 20 Lists for each Debtor could consume an excessive amount of the company's limited time and resources. Further, the Debtors believe that a single, consolidated list of the Debtors' thirty largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

15. Courts in this district have granted similar relief to that requested herein. *See, e.g.*, *In re Amtrust Financial Corp.*, No. 09-21323 (PMC) (Bankr. N.D. Ohio Dec. 7, 2009) [Docket

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

5

No. 44] (authorizing the filing of a consolidated list of the Debtors' 25 largest unsecured creditors); *In re Forum Health*, No. 09-40795 (KW) (Bankr. N.D. Ohio March 18, 2009) [Docket No. 57] (authorizing the filing of a consolidated list of the Debtors' 50 largest unsecured creditors); *In re Curae Health, Inc.*, No. 18-05665 (CMW) (Bankr. M.D. Tenn. Oct. 5, 2018) (authorizing the debtors to file a consolidated list of their 30 largest unsecured creditors)[4]

16.     Accordingly, the Debtors submit that filing a consolidated list of their thirty largest unsecured creditors is necessary for the efficient and orderly administration of these Chapter 11 Cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

### III.    Request for Authority to Mail Initial Notices to Creditors

17.     The Debtors request that the Proposed Claims and Noticing Agent undertake all mailings directed by the Court, the US Trustee, or as required by the Bankruptcy Code, including the notice of commencement in these Chapter 11 Cases, substantially in the form annexed as **Exhibit 1** to **Exhibit A** attached hereto (the "Notice of Commencement"), and any other correspondence that the Debtors may wish to send creditors.  The Proposed Claims and Noticing Agent's assistance with the mailing and preparation of creditor notices will ease administrative burdens that would otherwise fall upon the Court and the US Trustee.  With such assistance, the Debtors can file the Consolidated Top 30 List and also undertake all necessary mailings.

18.     Therefore, the Debtors believe that such relief is not only appropriate under the circumstances, but necessary for the efficient and orderly administration of these cases.

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

23-50001-amk    Doc 6    FILED 01/02/23    ENTERED 01/02/23 14:39:45    Page 6 of 21

**IV     Cause Exists to Redact Certain Personally Identifiable Information for Individual Creditors.**

19.     Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

20.     The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases the home addresses of individuals—including the Debtors' current or former employees—because such information could be used, among other things, to perpetrate identity theft or to locate survivors of domestic violence, harassment, or stalking.  This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change  addresses again for her safety.[5]  The Debtors propose to provide, on a confidential basis, an unredacted version of the Consolidated List of Creditors and any other applicable filings to (a) the Court, the U.S. Trustee, counsel to an official committee of unsecured creditors appointed in these Chapter 11 Cases (if any), and (b) upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases, any party in interest.  In addition, the Debtors will distribute to their former employees any notices that are received at the Debtors'

---

[5]  The incident, which took place during the *Charming Charlie* chapter 11 proceedings in 2017, is described in the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) Redact Certain Personal Identification Information for Employees, and (C) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors and (III) Granting Related Relief* [D.I. 4], *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del.).

7

corporate headquarters and are intended for a former employee.

21.     Similar relief has been granted in comparable Chapter 11 Cases. See, e.g., *In re Murray Energy Holdings Co.*, No. 19-56885 (JEH) (Bankr. S.D. Ohio Oct. 31, 2019) (authorizing the debtors to redact personal identification information of the debtors' employees); *In re Deluxe Entm't Servs. Grp. Inc.*, No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019) (same); *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) (same); *In re EP Energy Corp., No.* 19-35654 (MI) (Bankr. S.D. Tex. Oct. 4, 2019) (authorizing the debtors to redact address information of individual creditors listed on the creditor matrix); *In re Specialty Retail Shops Holding Corp.*, No. 19-80064 (TLS) (Bankr. D. Neb. Jan. 18, 2019) (same); *In re Mission Coal Company*, LLC, No. 18-04177 (TOM) (Bankr. N.D. Ala. Oct. 16, 2018) (authorizing the debtors to redact address information of individual creditors who are the debtors' employees and independent contractors).

22.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information— including home addresses—in respect of the Debtors' individual creditors who are listed on the Consolidated List of Creditors or any other document filed with the Court.  Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## Notice

23.     No trustee, examiner or official committee has been appointed in the Debtors'
Chapter 11 Cases.

24.     The Debtors will provide notice of this motion to: (a) the Office of the U.S.
Trustee for the Northern District of Ohio; (b) the holders of the 30 largest unsecured claims
against the Debtors on a consolidated basis; (c) counsel to Bank of America, NA, as senior
secured lender, Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree
Road, NE, Atlanta, Georgia 30326 Attn: Frank W. DeBorde and Lisa Wolgast; (d) Burger King
and counsel to Burger King, Genovese Joblove & Battista, P.A., Attn. Paul J. Battista, 100
Southeast Second Street, Suite 4400, Miami, Florida 33131; (e) counsel to the equity holder,
Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Street, New York,
New York 10036, Attn: Sean Southard; (f) all parties asserting liens against the Debtors' assets;
(g) counsel to any statutory committee appointed in these cases; (h) the United States Attorney's
Office for the Northern District of Ohio; (i) the Internal Revenue Service; (j)  the United States
Securities and Exchange Commission; (k) the state attorneys general for all states in which the
Debtors conduct business or have conducted business; and (l) any party that requests service
pursuant to Bankruptcy Rule 2002.  Within two business days after the hearing on the Motion,
the Debtors will serve copies of the Motion and any order entered respecting the Motion.  The
Debtors submit that, in light of the nature of the relief requested, no other or further notice need
be given.

## No Prior Request

25.     No prior request for the relief sought in this motion has been made to this or any
other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: January 2, 2023

/s/ *Richard K. Stovall*

**ALLEN STOVALL NEUMAN & ASHTON LLP**
Thomas R. Allen     (0017513)
Richard K. Stovall    (0029978)
James A. Coutinho    (0082430)
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
Telephone: (614) 221-8500
Facsimile: (614) 221-5988
Email: allen@ASNAlaw.com
       stovall@ASNAlaw.com
       coutinho@ASNAlaw.com

- and -

**WOMBLE BOND DICKINSON (US) LLP**
Matthew P. Ward, *Pro Hac Vice* Admittance Pending
Ericka F. Johnson, *Pro Hac Vice* Admittance Pending
Morgan L. Patterson, *Pro Hac Vice* Admittance Pending
Todd A. Atkinson (Ohio Bar No. 0077374)
William D. Curtis, *Pro Hac Vice* Admittance Pending
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
       ericka.johnson@wbd-us.com
       morgan.patterson@sbd-us.com
       todd.atkinson@wbd-us.com
       will.curtis@wbd-us.com

*Proposed Counsel to the Debtors and Debtors in Possession*

10

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|                                         |     |                                   |
|-----------------------------------------|-----|-----------------------------------|
| In re:                                  | )   | Chapter 11                        |
|                                         | )   |                                   |
| TOMS KING (OHIO) LLC, *et al.*,[1]      | )   | Case No. 23-50001 (AMK)           |
|                                         | )   | (Joint Administration Requested)  |
|                    Debtors.             | )   |                                   |
|                                         | )   | Judge Alan M. Koschik             |
|                                         | )   |                                   |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PREPARE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING
MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY
LARGEST UNSECURED CREDITORS, AND (C) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS,(II) APPROVING
THE FORM AND MANNER OF NOTIFYING CREDITORS OF
COMMENCEMENT OF THESE CHAPTER 11 CASES,
AND (III) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. taxpayer identification number, are: TOMS King (Ohio) LLC (9126); TOMS King LLC (4221); TOMS King (Illinois) LLC (9171); TOMS King (Penn.) LLC (7148); TOMS King (Virginia) LLC (8226); TOMS King (Ohio II) LLC (4081) and TOMS King III LLC (No EIN Number).   The Debtors' corporate headquarters is located at 220 N. Smith Street, Suite 305, Palatine, IL 60067

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing the Debtors to (a) prepare a consolidated list of creditors in lieu of submitting a formatted mailing matrix, (b) file a consolidated list of the Debtors' thirty largest unsecured creditors, (c) redact certain personally identifiable information for individual creditors, (ii) approving the form and manner of notifying creditors of commencement of these Chapter 11 Cases, and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order No. 2012-07 from the District Court for the Northern District of Ohio, dated April 4, 2012*; and this Court being able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to file a consolidated list of the 30 largest unsecured creditors in these Chapter 11 Cases in lieu of each Debtor filing a list of its 20 largest unsecured

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

creditors, provided that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, unless otherwise ordered by the Court, the applicable Debtor shall file its own creditor mailing matrix.

3.      In lieu of submitting a formatted mailing matrix, the Debtors, with the assistance of the Proposed Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Proposed Claims and Noticing Agent), shall make available a single consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense

4.      The Debtors are authorized to redact personally identifiable information, including home address information, regarding the Debtors' employees listed on the Consolidated List of Creditors (to the extent applicable), Schedules and Statements, or similar documents filed with the Court. The Debtors shall provide an unredacted version of the creditor matrix (to the extent applicable), Schedules and Statements, and any other applicable filed document to the Court, the U.S. Trustee, and counsel to any statutory committee appointed in these Chapter 11 Cases

5.      The Debtors are authorized to serve the notice of commencement, substantially in the form attached hereto as **Exhibit 1** (the "Notice of Commencement"), on the Consolidated List of Creditors.

6.      The Debtors, with the assistance of the Proposed Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Proposed Claims and Noticing Agent), are authorized, but not directed, to undertake all mailing directed by the Court, the US Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these Chapter 11 Cases, and any other correspondence that the Debtors may wish to send creditors.

7.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

8.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

4

**SUBMITTED BY:**

/s/  *Richard K. Stovall*

**ALLEN STOVALL NEUMAN & ASHTON LLP**
Thomas R. Allen          (0017513)
Richard K. Stovall       (0029978)
James A. Coutinho        (0082430)
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
Telephone: (614) 221-8500
Facsimile:  (614) 221-5988
Email: allen@ASNAlaw.com
          stovall@ASNAlaw.com
          coutinho@ASNAlaw.com


 - and -

**WOMBLE BOND DICKINSON (US) LLP**
Matthew P. Ward, *Pro Hac Vice* Admittance Pending
Ericka F. Johnson, *Pro Hac Vice* Admittance Pending
Morgan L. Patterson, *Pro Hac Vice* Admittance Pending
Todd A. Atkinson (Ohio Bar No. 0077374)
William D. Curtis, *Pro Hac Vice* Admittance Pending
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email:  matthew.ward@wbd-us.com
          ericka.johnson@wbd-us.com
          morgan.patterson@sbd-us.com
          todd.atkinson@wbd-us.com
          will.curtis@wbd-us.com


*Proposed Counsel to the Debtors*
*and Debtors in Possession*

# **EXHIBIT 1**

Notice of Commencement

WBD (US) 59140526v4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TOMS KING (OHIO) LLC, *et al.*,[1] | ) | Case No. 23-50001 (AMK) |
|  | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Judge Alan M. Koschik |

## NOTICE OF COMMENCEMENT OF CHAPTER 11 CASES,
## MEETING OF CREDITORS AND FIXING OF CERTAIN DATES

On January 2, 2023, the below listed debtors and debtors in possession (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (the "<u>Court</u>"). The Debtors, and their respective addresses, case numbers and federal tax identification numbers, are as follows:

| Debtor | Address | Case No. | EID# |
|---|---|---|---|
| TOMS King (Ohio) LLC. | 220 N. Smith Street, Suite 305 Palatine, IL 600677 | 23-50001 | 9126 |
| TOMS King LLC | 220 N. Smith Street, Suite 305 Palatine, IL 60067 | 23-50002 | 4221 |
| TOMS King (Illinois) LLC | 220 N. Smith Street, Suite 305 Palatine, IL 600677 | 23-50003 | 9171 |
| TOMS King (Penn.) LLC | 220 N. Smith Street, Suite 305 Palatine, IL 600677 | 23-50004 | 7148 |
| TOMS King (Virginia) LLC | 220 N. Smith Street, Suite 305 Palatine, IL 600677 | 23-50005 | 8226 |
| TOMS King (Ohio II) LLC | 220 N. Smith Street, Suite 305 Palatine, IL 600677 | 23-50006 | 4081 |
| TOMS King III LLC. | 220 N. Smith Street, Suite 305 Palatine, IL 600677 | 23-50007 | No EIN Number |

**This notice has important information about the cases for the Debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

A creditor who is considering taking action against a Debtor or the property of a Debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice. **The staff of the Clerk of the Court are not permitted to give legal advice**.

The filing of the cases imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the Debtors or the Debtors' property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the Debtors. Creditors cannot demand repayment from the Debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. taxpayer identification number, are: TOMS King (Ohio) LLC (9126); TOMS King LLC (4221); TOMS King (Illinois) LLC (9171); TOMS King (Penn.) LLC (7148); TOMS King (Virginia) LLC (8226); TOMS King (Ohio II) LLC (4081) and TOMS King III LLC (No EIN Number). The Debtors' corporate headquarters is located at 220 N. Smith Street, Suite 305, Palatine, IL 60067.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in these cases may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**A.  Do not file this notice with any proof of claim or other filing in these cases.**

| | |
|---|---|
| **1.** | **Debtors' full names** |
| | TOMS King (Ohio) LLC<br>TOMS King LLC<br>TOMS King (Illinois) LLC<br>TOMS King (Penn.) LLC<br>TOMS King (Virginia) LLC<br>TOMS King (Ohio II) LLC<br>TOMS King III LLC |
| **2.** | **All other names used in the last 8 years** |
| | N/A |
| **3.** | **Address** |
| | 220 N. Smith Street, Suite 305, Palatine, IL 600677 |
| **4.** | **Proposed Debtors' attorneys** |

**Womble Bond Dickinson (US) LLP**
Matthew P. Ward (*pro hac vice* admission pending)
Ericka F. Johnson (*pro hac vice* admission pending)
Morgan L. Patterson (*pro hac vice* admission pending)
Todd A. Atkinson (Ohio Bar No. 0077374)
William D. Curtis (*pro hac vice* admission pending)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email:  matthew.ward@wbd-us.com
          ericka.johnson@wbd-us.com
          morgan.patterson@sbd-us.com
          todd.atkinson@wbd-us.com
          will.curtis@wbd-us.com

**Allen Stovall Neuman & Ashton LLP**
Thomas R. Allen(0017513)
Richard K. Stovall (0029978)
James A. Coutinho (0082430)
10 W. Broad Street, Suite 2400
Columbus, Ohio 43215
Telephone: (614) 221-8500
Facsimile:  (614) 221-5988
Email: allen@ASNAlaw.com
stovall@ASNAlaw.com
coutinho@ASNAlaw.com

| | |
|---|---|
| **5.** | **Bankruptcy Clerk's Office** |
| | Documents in these cases may be filed at this address. You may inspect all records filed in these cases at this office or online for a fee at www.pacer.gov.<br><br>Hours open:  Monday through Friday, 9 a.m. - 4 p.m.<br>Phone:  (330) 252-6130 |

2

---

**6.   Claims and Noticing Agent**

The Debtors' claims and noticing agent is Omni Agent Solutions, Inc ("Omni"). All documents filed with the Court are also available for free on Omni's case web site at https://cases.primeclerk.com/fes/Home-Index.

Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 1000
Woodland Hills, California 91367
Phone:  (833) 989-8246

Email: TOMSKing@OmniAgnt.com

---

**7.   Meeting of creditors**

The Debtors' representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the Debtors and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket.

TBD


Location:

John F. Seiberling Federal Building,
Suite B3-61A
2 South Main Street, Akron, OH 44308

---

**8.   Proof of claim deadline**

**Deadline for filing proof of claim:**  Not yet set. If a deadline is set, the Court will send you another notice.

Schedules of creditors will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not listed as disputed, contingent, or unliquidated as to amount may, but is not required, to file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent or unliquidated as to amount and who desire to participate in the cases or share in any distribution must file their proofs of claim. A creditor who desires to rely on the schedule of creditors has the responsibility for determining that the claim is listed accurately. **Separate notice of the deadlines to file proofs of claim and proof of claim forms will be provided by mail to the Debtors' known creditors and by publication**. Proof of claim forms are also available in the clerk's office of any bankruptcy court, and from the Court's website at https://www.ohnb.uscourts.gov/. Omni is the claims agent in these cases and can provide a proof of claim form if you cannot obtain one from your local bankruptcy court. Omni can be reached at the contact information listed above in Section 5.

---

**9.   Exception to discharge deadline**

**Deadline for filing the complaint:**                 Notice of deadline will be sent at a later time.

The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A).

---

**10.  Creditors with foreign addresses**

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

---

**11.  Filing a Chapter 11 bankruptcy case**

Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the property and may continue to operate their business.

3

| |
|---|
| **12.  Discharge of debts**<br><br>Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

4