**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TOMS KING (OHIO) LLC, *et al.*,[1] | ) Case No. 23-50001 (AMK) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |
| | ) Judge Alan M. Koschik |

**MOTION FOR AN ORDER EXTENDING DEBTORS' TIME TO FILE SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

TOMS KING LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submits this motion (the "Motion"), pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"); and Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); for entry of an order, in substantially the form attached hereto as **Exhibit A**, extending the time for the Debtors time to file its schedules of assets and liabilities and statement of financial affairs (the "Schedules and Statements") through and including February 2, 2023 (which is slightly more than two weeks after the current deadline of January 16, 2023 established by Bankruptcy Rule 1007(c)). In support of this Motion, the Debtors rely upon the *Declaration of Daniel F. Dooley in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. taxpayer identification number, are: TOMS King (Ohio) LLC (9126); TOMS King LLC (4221); TOMS King (Illinois) LLC (9171); TOMS King (Penn.) LLC (7148); TOMS King (Virginia) LLC (8226); TOMS King (Ohio II) LLC (4081) and TOMS King III LLC (No EIN Number). The Debtors' corporate headquarters is located at 220 N. Smith Street, Suite 305, Palatine, IL 60067.

contemporaneously herewith. In support of this Motion, the Debtors respectfully state as follows:[2]

<u>**Jurisdiction**</u>

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the *General Order No. 2012-07* from the United States District Court for the Northern District of Ohio, dated April 4, 2012.

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>**Background**</u>

3.     On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner, or statutory creditors' committee has been appointed in these Chapter 11 Cases.

4.     A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and these Chapter 11 Cases, are set forth in greater detail in the First Day Declaration.

<u>**Relief Requested**</u>

5.     By this Motion, the Debtors requests a brief extension of the deadline to file its Schedules and Statements through and including February 2, 2023 (the "<u>Extension</u>") without prejudice to the Debtors' right to apply to this Court, upon appropriate notice, for further

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

2

extension(s) of the time to file the Schedules and Statements or to seek a waiver of the requirement for filing certain Schedules and Statements.

## Basis for Relief

6.       Bankruptcy Code section 521 and Bankruptcy Rule 1007(c) require a debtor to file, among other things, its schedules of assets and liabilities, schedules of current income and current expenditures, and a statement of financial affairs within fourteen (14) days of the petition date.  Pursuant to Bankruptcy Rules 1007(a)(5) and (c), this Court is authorized to grant the Debtors additional time to file their Schedules and Statements beyond the fourteen (14) day extension provided under Bankruptcy Rule 1007-1(c) for cause.  The Debtors respectfully submit that adequate cause exists for granting the Extension requested herein.

7.       Although the Schedules and Statements were not filed with the Debtors' petitions, annexed to the petitions are consolidated lists containing the names and addresses of the Debtors' thirty largest unsecured creditors.  In addition, the Debtors have provided a creditor matrix containing all the names and addresses of the Debtors' known creditors and other parties in interest in this case, as required by Bankruptcy Rule 2002-1 (g)(i).

8.       The Debtors have been unable to complete its Schedules and Statements at this early stage in this case because of:  (a) the level of sophistication of their capital structures and their financial affairs; (b) the limited staffing available to perform the required internal review of the Debtors' books and records and accounts and affairs; (c) the diversion of resources necessary to attend to numerous issues in connection with the commencement of the cases; and (d) the accelerated pace at which the Debtors' time-sensitive bankruptcy efforts have proceeded, including drafting first-day pleadings.

3

9.     At bottom, the scope and complexity of the Debtors' businesses, coupled with the limited time and resources available to the Debtors to marshal the information necessary to complete the Schedules and Statements, make it unlikely for the Debtors to complete the Schedules and Statements in the statutorily mandated timeframe. Because these factors will prevent the Debtors from assembling the information necessary to complete and file their Schedules and Statements prior to the current deadline, sufficient cause exists to grant the Extension.

10.    Accordingly, the Debtors respectfully request that the Court extend the time within which the Debtors are required to file its Schedules and Statements through and including February 15, 2023. Courts in this district have granted similar relief to that requested herein in a number of cases. See, e.g., *In re Data Cooling Techs. LLC*, No. 17-52170 (AMK) (Bankr. N.D. Ohio Sept. 13, 2017) [Docket No. 30]; *In re Sone Oak Inv., LLC*, No. 17-31741 (MAW) (Bankr. N.D. Ohio Jun. 21, 2017) [Docket No. 9]; *In re Whole Sailing LLC*, No. 17-13032 (JPS) (Bankr. N.D. Ohio Jun. 9, 2017) [Docket No. 19]; *In re Wings of Medina Liquidation, Inc.* (f/k/a *In re QSL of Medina, Inc*.), No. 15-52722 (AMK) (Bankr. N.D. Ohio Nov. 17, 2015) [Docket No. 27]; *In re Hugo Sand Co*., No. 11-50492 (AMK) (Bankr. N.D. Ohio Feb. 24, 2011) [Docket No. 29]; *In re Bucyrus Cmty. Hosp., Inc*., No. 10-61078 (RK) (Bankr. N.D. Ohio Mar. 23, 2010) [Docket No. 43]; *In re Twin City Hosp*., No. 10-64360 (RK) (Bankr. N.D. Ohio Oct. 21, 2010) [Docket No. 51]; *In re Forum Health*, No. 09-40795 (KW) (Bankr. N.D. Ohio Mar. 18, 2009) [Docket No. 58]; *In re BPI Energy, Inc*., No. 09-10773 (AIH) (Bankr. N.D. Ohio Feb. 11, 2009) [Docket No. 45].[2]

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

## Notice

11.     The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the Northern District of Ohio; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to Bank of America, NA, as senior secured lender, Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road, NE, Atlanta, Georgia 30326 Attn: Frank W. DeBorde and Lisa Wolgast; (d) Burger King and counsel to Burger King, Genovese Joblove & Battista, P.A., Attn. Paul J. Battista, 100 Southeast Second Street, Suite 4400, Miami, Florida 33131; (e) counsel to the equity holder, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Street, New York, New York 10036, Attn: Sean Southard; (f) all parties asserting liens against the Debtors' assets; (g) counsel to any statutory committee appointed in these cases; (h) the United States Attorney's Office for the Northern District of Ohio; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for all states in which the Debtors conduct business or have conducted business; and (l) any party that requests service pursuant to Bankruptcy Rule 2002.  Within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

23-50001-amk    Doc 7    FILED 01/02/23    ENTERED 01/02/23 14:44:15    Page 5 of 11

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested and such other relief as the Court deems appropriate under the circumstances, attached herein as **Exhibit A**.

Dated: January 2, 2023

/s/ *Richard K. Stovall*
**ALLEN STOVALL NEUMAN & ASHTON LLP**
Thomas R. Allen          (0017513)
Richard K. Stovall       (0029978)
James A. Coutinho        (0082430)
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
Telephone: (614) 221-8500
Facsimile:  (614) 221-5988
Email: allen@ASNAlaw.com
          stovall@ASNAlaw.com
          coutinho@ASNAlaw.com

- and -

**WOMBLE BOND DICKINSON (US) LLP**
Matthew P. Ward, *Pro Hac Vice* Admittance Pending
Ericka F. Johnson, *Pro Hac Vice* Admittance Pending
Morgan L. Patterson, *Pro Hac Vice* Admittance Pending
Todd A. Atkinson        (0077374)
William D. Curtis, *Pro Hac Vice* Admittance Pending
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email:  matthew.ward@wbd-us.com
          ericka.johnson@wbd-us.com
          morgan.patterson@sbd-us.com
          todd.atkinson@wbd-us.com
          will.curtis@wbd-us.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING (OHIO) LLC, *et al.*,[3] | ) | Case No. 23-50001 (AMK) |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |
| | ) | Judge Alan M. Koschik |
| | ) | |

## ORDER EXTENDING DEBTORS' TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. taxpayer identification number, are: TOMS King (Ohio) LLC (9126); TOMS King LLC (4221); TOMS King (Illinois) LLC (9171); TOMS King (Penn.) LLC (7148); TOMS King (Virginia) LLC (8226); TOMS King (Ohio II) LLC (4081) and TOMS King III LLC (No EIN Number). The Debtors' corporate headquarters is located at 220 N. Smith Street, Suite 305, Palatine, IL 60067.

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), under Bankruptcy Rule 1007(c), extending the time for the Debtors to file its schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements"), through and including February 2, 2023; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order No. 2012-07* from the District Court for the Northern District of Court, dated April 4, 2012; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interest of the Debtors, its estates, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time by which the Debtors must file its Schedules and Statements required by

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

Bankruptcy Rule 1007(b) is enlarged and extended pursuant to Bankruptcy Rule 1007(b) through and including February 2, 2023.

3.      The entry of this Order shall be without prejudice to the Debtors' right to apply to this Court, upon appropriate notice, for further extension(s) of the time to file the Schedules and Statements, or to seek a waiver of the requirement for filing certain Schedules and Statements.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order and in accordance with the Motion.

5.      Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

**SUBMITTED BY:**

/s/ *Richard K. Stovall*
**ALLEN STOVALL NEUMAN & ASHTON LLP**
Thomas R. Allen        (0017513)
Richard K. Stovall      (0029978)
James A. Coutinho      (0082430)
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
Telephone: (614) 221-8500
Facsimile:  (614) 221-5988
Email: allen@ASNAlaw.com
          stovall@ASNAlaw.com
          coutinho@ASNAlaw.com

  - and -

**WOMBLE BOND DICKINSON (US) LLP**
Matthew P. Ward, *Pro Hac Vice* Admittance Pending
Ericka F. Johnson, *Pro Hac Vice* Admittance Pending
Morgan L. Patterson, *Pro Hac Vice* Admittance Pending
Todd A. Atkinson (    0077374)
William D. Curtis, *Pro Hac Vice* Admittance Pending
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email:   matthew.ward@wbd-us.com
          ericka.johnson@wbd-us.com
          morgan.patterson@sbd-us.com
          todd.atkinson@wbd-us.com
          will.curtis@wbd-us.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*